DOWNEY, Judge.
This is a timely appeal from a judgment of conviction for the offenses of aggravated battery, two armed robberies, burglary and possession of a firearm during the commission of a felony, as well as from sentences of (1) six years in prison as a youthful offender as to one of the robberies, (2) five years as to the other robbery, (3) followed by three concurrent terms of five years on probation.
Appellant contends the trial court erred in overruling appellant’s objection to comments by the prosecutor during closing argument. We have carefully considered the comments in question and find them to be appropriate under the circumstances of this case.
The sentence imposed departed from the guidelines and no written grounds therefor are contained in the record. But more importantly, the sentence was proposed by the trial judge, considered by appellant and his counsel, and agreed to by them. The trial judge proposed to sentence appellant to six years in prison as a youthful offender as to one of the robberies, followed by five years in prison as to the other robbery, followed by five years’ probation. Furthermore, the judge advised that, if appellant “does good in the youthful offender program ... then I will mitigate the jail time. If he is no good, to heck with him, he gets five years and goes.” At the hearing, all parties concerned failed to take into consideration the fact that the trial judge would lose jurisdiction to mitigate the sentence sixty days after imposition of sentence or within sixty days after completion of any appellate proceedings. Fla.R.Crim.P. 31800. Therefore, the court’s proposal was not capable of performance, which we believe justifies resentencing.
Accordingly, the judgment of conviction is affirmed and the cause is remanded with directions to resentence appellant and, if the sentence departs from the guidelines, the trial court is directed to provide written reasons therefor. E.g., State v. Jackson, 478 So.2d 1054 (Fla.1985).
GLICKSTEIN and WALDEN, JJ., concur.